IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| GREG S. CHEREMNOV | ) | |
| and ANFISA CHEREMNOV, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 230404R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's Notice of Assessment, dated August 21, 2023, for the 2019 tax year. The parties filed cross-motions for summary judgement based upon a joint statement of undisputed facts. Oral arguments were heard on January 18, 2024. Daniel Stearns appeared on behalf of Plaintiffs. Jennifer O'Brien appeared on behalf of Defendant. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

The following facts are undisputed by the parties. Plaintiffs, a married couple, earn their income from two different locations each calendar year.[1] May through September, Plaintiffs reside in Alaska to run their fishing business. The remainder of the year, Plaintiffs reside in Canby, Oregon, where Greg works for Complete Exteriors and Anfisa is a homemaker. In 2019, Plaintiffs spent 233 days in Canby and 122 in Alaska. Defendant disallowed deductions on Plaintiffs' 2019 return for travel expenses, *per diem* meal expenses, and mileage incurred while traveling between Oregon and Alaska.

///

---

[1] Because Plaintiffs share the same last name, they will be referred to by their first names in this Decision.

In early May 2019, Plaintiffs spent five days driving their Ford-F350 from Canby to Alaska with their fifth wheel trailer in tow. Their Ford Ranger was towed to Alaska by a third party. Plaintiffs arrived in Alaska on May 9, 2019, and stayed until September 8, 2019. While in Alaska, Greg worked as the captain of his boat, and Anfisa worked as a deckhand. Anfisa was not paid for her work on the boat. Plaintiffs lived in their fifth wheel trailer in Cordova when they were not living aboard their fishing vessel. At the end of the fishing season, from September 9, 2019 to September 13, 2019, Greg drove the F-350 back to Oregon. During the same period, Anfisa drove the Ford Ranger back. The parties stipulated that, while traveling to and from Alaska, Plaintiffs incurred $1,250 in ferry expenses and tunnel tolls. In 2019, Plaintiffs' fishing business had gross receipts and expenses totaling $155,912 and $149,685, respectively. While working for Complete Exteriors in Oregon in 2019, Greg earned $36,500 in wages with a net pay of $29,033. That same year, Greg sold a boat trailer in Oregon for $50,000.

Defendant disallowed Plaintiffs' 2019 deductions for expenses and mileage incurred while traveling between Oregon and Alaska, including $3,039 for mileage added to the Ford F-350 based on a rate of $0.58 per mile, $1,250 in ferry and toll expenses for the Ford F-350, and $14,258 in *per diem* meal expenses. Defendant argues Greg had two tax homes, one located Alaska and the other in Oregon, though Anfisa had only one tax home, located in Alaska. On that basis, Defendant disallowed Plaintiffs' deductions. Plaintiffs argue Greg and Anfisa each only had one tax home for the 2019 tax year—Canby, Oregon.

## II. ANALYSIS

The issues are whether Plaintiffs' deductions for travel expenses, *per diem* meal expenses, and mileage are allowable under section 162(a) of the federal Internal Revenue Code (IRC). The federal IRC applies here because, subject to additions, subtractions, and

modifications not pertinent here, Plaintiffs' Oregon taxable income is identical to their federal taxable income. ORS 316.022(6); 316.048; 316.032.[2] As the party seeking affirmative relief, Plaintiffs bear the burden of proof by a preponderance of the evidence. ORS 305.427.

A. *Tax Home*

Under IRC section 162(a), deductions are allowed for "ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business[.]" Expenses incurred traveling "away from home[,]" such as for meals and lodging, are generally deductible. IRC § 162(a)(2). However, to be able to identify which expenses are incurred "away from home[,]" the court must first determine the location of a taxpayer's "tax home." *See Morey v. Dept. of Rev.*, 18 OTR 76, 81 (2004); IRC 162(a)(2).

Generally, courts have analyzed the term "while away from home" as a "tax home" based on the taxpayer's "principal place of business or employment." *Morey v. Dept. of Rev.*, 18 OTR 76, 81 (2004). However, "the taxpayer's personal residence is the individual's tax home if the principal place of business is 'temporary' as opposed to 'indefinite' or 'indeterminate.'" *Id.* at 81. "[A]ny employment period in excess of one year is *per se* indefinite." *Id.* (Emphasis in original). Seasonal work, where an employee returns to a jobsite year after year, is considered permanent rather than temporary. Rev. Rul. 75-432; *Reutov v. Dept. of Rev.*, TC-MD 220447G, 2024 WL 3409100 at *5 (Or Tax M Div, July 15, 2024). If an employee conducts a trade or business "at the same two recurring, seasonal places of employment, * * * the tax home does not shift during alternate seasons from one business location to the other but remains stationary at the principal post of duty throughout the taxable year." Rev. Rul. 75-432.

///

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

Here, Greg conducts his seasonal fishing business and is seasonally employed by Complete Exteriors in the same locations each year; thus, his tax home does not shift between the two. Instead, his tax home is located solely at the more principal of the two employment locations during the 2019 tax year. *See* Rev. Rul. 75-432. Because spouses may have different tax homes, the court must separately determine Anfisa's tax home. *See Hammond v. Comm'r*, 20 TC 285, 287-88 (1953), *aff'd*, 213 F2d 43 (5th Cir 1954) (holding neither spouse was entitled to traveling expenses where each worked in different city). Anfisa works as a homemaker in Oregon and a deckhand in Alaska but derives no reported taxable income from either occupation. Thus, Anfisa's tax home is also solely located at the more principal of the two locations.

"Where a taxpayer has multiple workplaces, this court determines which is the principal one by applying the test found in Revenue Ruling 54-147[.]" *Reutov*, 2024 WL 3409100 at *4; *see Tonkin-Zoucha v. Dept. of Rev.*, TC-MD 190022G, 2020 WL 1165270 at *3 (Or Tax M Div, Mar 10, 2020) (demonstrating the court's previous use of the test). The test provides: "[t]he more important factors to be considered * * * are [1] the total time ordinarily spent by the taxpayer at each of his business posts, [2] the degree of business activity at each such post, and [3] whether the financial return in respect of each post is significant or insignificant." No single factor is determinative. Rev. Rul. 54-147.

Greg and Anfisa both spent significantly more time in Oregon than they did in Alaska. In 2019, they spent 233 days in Oregon, compared to 122 in Alaska. Greg conducted a high degree of business activity in both states, including working for Complete Exteriors in Oregon, selling his boat in Oregon, and running his fishing business in Alaska. Likewise, Anfisa was a deckhand during her time in Alaska and a homemaker during her time in Oregon, both considered business activities. Greg earned more 2019 income in Oregon than in Alaska; his

fishing business produced a net income of $6,227, he earned a net income of $29,033 working for Complete Exteriors, and he sold a boat trailer in Oregon for $50,000. Anfisa, on the other hand, reported no 2019 income from either job—working as a deckhand or a homemaker.

Because the second factor, the degree of business activity in each location, is roughly equal, greater weight will be given to factors one and three. Both factors indicate that Plaintiffs had a more principal place of business in Oregon than in Alaska. Accordingly, the principal place of business, and their tax home, for both Plaintiffs during the 2019 tax year was Canby, Oregon.

B.     *Deductible Business Expenses—Travel, Meals, Mileage*

Plaintiffs claimed deductions for travel expenses and *per diem* meal allowances, which Defendant disallowed. Deductible travel expenses, such as travel fares, meals, lodging, and expenses incidental to travel, must be incurred while away from home and in the pursuit of a trade or business. IRC § 162(a)(2); Treas Reg § 1.162-2(a). Deductions for travel expenditures are allowed not only for the taxpayer but may be allowed for his or her spouse as well, so long as the spouse is on the trip for a bona fide business purpose. Treas Reg § 1.162-2(c). If a taxpayer is deemed to be away from their tax home and their deductions are adequately substantiated as legitimate business expenses per IRC § 162, their deductions are allowable. IRC § 6001; IRC § 7491.

As Plaintiffs' 2019 tax home was determined to be in Canby, Oregon, any business expenses incurred while away from Oregon are deductible if adequately substantiated. Pursuant to the parties' stipulation, these expenses have been adequately substantiated and were denied solely based on Defendant's determination of Plaintiffs' tax home. As Plaintiffs' tax home has now been correctly determined and their expenses are now deemed to have been incurred while

away from home and in the pursuit of business, these deductions should be allowed under IRC section 162.

C.     *An Alternative Perspective*

In the above analysis, the court followed prior cases holding that a taxpayer's "home" for the purposes of IRC § 162(a)(2), is their "tax home" or principal place of business. However, an alternate way of analyzing a taxpayer's "tax home" exists. From this court's perspective, the evolving interpretation of the word "home" to "tax home" was judicially created and appears incongruent to a plain reading of the IRC. Read in alignment with a dictionary definition, "home" is understood to be an individual's domicile or place of residence, not the more principal location of one's work. Here, Defendant presented no legislative history to suggest an interpretation of the word "home" in IRC § 162(a)(2) as meaning anything other than the ordinary and plain meaning of the word as intended by the legislature.

In *Flowers v. Commissioner*, 326 US 465, 466-67, 66 S Ct 250, 90 L Ed 203 (1946), the Supreme Court had the opportunity to decide the validity of the "tax home" doctrine for a taxpayer who resided and worked in two widely separated locations. However, the Court declined to resolve the issue in its decision. *See id.*; John A. Lynch, Jr., *Travel Expense Deductions under IRC 162(a)(2)--What Part of "Home" Don't You Understand?*, 57 Baylor L Rev 705, 726 (2005). Instead, the Court explained that a taxpayer's "tax home" is irrelevant if there is a necessary relationship between that taxpayer's expenditures and a legitimate business purpose. Lynch, 57 Baylor L Rev at 731.

///

///

///

For Plaintiffs here, using the analysis put forth by the court in *Flowers* would yield the same conclusion as the analysis conducted under the "tax home" doctrine; regardless of where Greg and Anfisa's "tax home" is located, they were away from their home in pursuit of a legitimate business purpose as opposed to commuting for their own convenience.

### III. CONCLUSION

After careful consideration, the court holds that Plaintiffs' 2019 tax home was Canby, Oregon. The disputed deductions are allowable. Now therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted. Plaintiffs' 2019 tax home was Canby, Oregon, and all stipulated and substantiated business travel expenses are allowed.

Dated this _____ day of August 2024.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on August 1, 2024.*